# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

RECEIVED
OCT - 3 2018
U.S.C.A. 3rd. CIR.

Case Number: 18-2895. Case Name:
Edward Kennedy v Commissioner of Internal Revenue Service,[1]
Appeal from US Tax Court Docket 11586-18

## INFORMAL BRIEF

## TAKE JUDICIAL COGNIZANCE of the following:

## 1. Jurisdiction:

## Introduction

Edward Thomas Kennedy, hereinafter "Kennedy" or "Appellant" or "Plaintiff" is one of the people of Pennsylvania in this court of record files and serves this notice on this court of record that the US Tax Court is a court of record, and not an administrative court.[2]

Official public records show that the IRS, Internal Revenue Service and IRS employees MUST comply with their code, 26 U.S. Code § 6065 - Verification of returns,[3] but they did not comply with their code in Kennedy's case, and therefore government employees and Internal

---

[1] Defendant / appellee Commissioner of Internal Revenue Service,
hereinafter is also "IRS."

[2] Here is what the Internal Revenue Code designates: 26 USC 7441: Status. "There is hereby established, under article I of the Constitution of the United States, a court of record to be known as the United States Tax Court. The members of the Tax Court shall be the chief judge and the judges of the Tax Court."

[3] Except as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.

Revenue Service and its Commissioner committed felony perjury. a.

What order(s) of the US Tax Court are you appealing?

Answer:

ORDER OF DISMISSAL ENTERED, 08/08/2018 by Chief Judge
FOLEY, stating  PETITIONER'S MOTION (Kennedy) FOR ENTRY OF
DECISION IS DENIED. RESPONDENT'S MOTION TO DISMISS
FOR LACK OF JURISDICTION IS GRANTED IN THAT WITH
RESPECT TO EACH YEAR PLACED IN ISSUE IN THE PETITION,
THIS CASE IS DISMISSED FOR LACK OF JURISDICTION UPON
THE GROUND STATED IN RESPONDENT'S MOTION TO DISMISS
FOR LACK OF JURISDICTION.

The US Tax Court, a court of record, and it does have subject
matter  jurisdiction in Kennedy's original complaint because the US
Tax Court is a court of record, and Kennedy is one of the people of
Pennsylvania. Chief Judge Foley is not correct in both law and fact.
Chief Judge Foley must also obey the law, and Kennedy wishes the
government obey the law.

b.    What is the date of the order(s)?

Answer:

8/3/2018 and 8/8/2018.[4]

---

[4] See two page case Index attached for details.

    c.     When did you file your notice of appeal or petition for review?

Answer:

Promptly. Case Docket says 8/23/2018 and 8/24/2018 attached.

**2. Statement of the case:**

Answer:

    a.     The court of record, US Tax Court, and its Chief Judge assigned to administrate Kennedy's complaint, ignored the fact that Kennedy is one of the people of Pennsylvania, and in a court of record, the Judge has no discretion in the Law of the Case and Federal Rules of Evidence. The court of record does have subject matter jurisdiction.

    b.     The people do not yield our sovereignty to those agencies that serves them. Kennedy is a people.[5]

**3. Statement of facts: Explain the facts and events that led to the complaint in the district court.**

Answer:

    a.    Notice and Motion:

Kennedy studied Federal Income Tax at the University of Notre Dame Graduate School of Business,[6] and he is one of the people of

---

[5] People is both singular and plural under the law of the Case.
[6] University of Notre Dame Graduate School of Business, now the Mendoza, is consistently ranked as a top five tax accounting school nationwide by most rating and ranking services. https://mendoza.nd.edu/research-and-faculty/units/department-of-accountancy/ Jim Wittenback and Ken Milani were Kennedy's teachers. The current IRS Acting Commissioner herein, Kennedy believes, is a Notre Dame Business School graduate.

Pennsylvania and Motions the court for good service now from this court of record.

b.    Kennedy has no contract with IRS and/or Internal Revenue Service, and owes no verified debts to IRS, the Internal Revenue Commissioner or the US government.

c.    IRS / Internal Revenue Service, and its Commissioner has no license to be a debt collector in the Commonwealth of Pennsylvania.[7]

d.    The current Internal Revenue Commissioner is "Acting," and has no jurisdiction or authority to be a debt collector, for he is just <ahem> just "acting" in violation of US law and the Law of the Case.

e.    Upon information, graduate school level study and belief, Kennedy states there is no foundation in law for the IRS statutes and codes to injure Kennedy in loss of rights.

f.    Upon information, study and belief, Kennedy believes there is no legislative foundation for IRS statutes and codes.

g.    In a court of record, IRS statutes and codes are not relevant under Federal Rules of Evidence.

h.    IRS alleges Kennedy owes debts[8] between $500,000 and

---

[7] Source: Commonwealth of Pennsylvania websites.
[8] Debts are not verified by Applicant or any government employee or agent.

$1,000,000 based on fake, <u>amended</u> tax returns for tax years 2001 to

2016, all allegedly filed in tax year 2016 by Kennedy.

     i.    Kennedy denied and again denies claims of debts by IRS

Commissioner and IRS employees.

     j.    Kennedy denies he signed multiple amended tax returns.

     k.   Notice:

*RESERVATION OF SOVEREIGNTY: "Even if the Tribe's power to tax were derived solely from its power to exclude non-Indians from the reservation, the Tribe has the authority to impose the severance tax. Non-Indians who lawfully enter tribal lands remain subject to a tribe's power to exclude them, which power includes the lesser power to tax or place other conditions on the non-Indian's conduct or continued presence on the reservation. The Tribe's role as commercial partner with petitioners should not be confused with its role as sovereign. It is one thing to find that the Tribe has agreed to sell the right to use the land and take valuable minerals from it, and quite another to find that the Tribe has abandoned its sovereign powers simply because it has not expressly reserved them through a contract. To presume that a sovereign forever waives the right to exercise one of its powers unless it expressly reserves the right to exercise that power in a commercial agreement turns the concept of sovereignty on its head.*[9]

     l.    Chief Judge Foley had no jurisdiction to dismiss Kennedy's

case, which injured Kennedy in loss of rights.

     m.   IRS stole funds from Kennedy based on fake information

and/or fake filings.

     n.    Employees of IRS stated in writing that they would not steal

from Kennedy, but did so anyway, that injured Kennedy in loss of

rights and supports Kennedy's claim for damages and relief herein.

     o.    Defendants caused injury to Kennedy, and thus lied,

mislead, misconstrued, misrepresented information about Plaintiff

---

[9] Merrion v. Jicarilla Apache Tribe; Amoco Production Company v. Jicarilla Apache Indian Tribe, 455 U.S. 130, 131, 102 S.Ct. 894, 71 L.Ed.2d 21 (1981).

Kennedy.

    p.    Government employees took oaths not to lie, and not to

mislead, misconstrued, misinform or put false paperwork into a court of

law and/or a court of record.

## 4. Statement of related cases:
**Have you filed an appeal or petition for review in this case before?**

Answer:

No

Do you have any cases related to this case pending in the district court, in the court of appeals or before the agency? If so give title of case and docket number.

Answer:

    Kennedy does not understand the definition of the word "related."

However, case 18-2892 in this court of record may be related.

## 5. Did the district court or the agency incorrectly decide the facts of your case?

Answer:

Yes.

If so, what facts?

Answer:

All the facts listed herein by Kennedy were ignored by the Chief Judge

in the US Tax Court, a court of record, which exceeded its jurisdiction,

injured Kennedy in violation of rights.

## 6. Did the district court or the agency apply the wrong law?

Answer:

Yes.

If so, what law do you want applied?

Apply 26 USC 7441 and the following:

    a.    US Tax Court is a court of record. IRS must follow its own

statutes and codes, heretofore cited.

    b.    *Here again is what the Internal Revenue Code designates:*

    *26 USC 7441: Status. "There is hereby established, under article I of the Constitution of the United States, a court of record to be known as the United States Tax Court. The members of the Tax Court shall be the chief judge and the judges of the Tax Court.*

    c.    Chief Judge Foley failed to obey 26 USC 7441.

    d.    Appellant / Defendant IRS Commissioner herein failed to

obey 26 USC 7441.

    e.    The Law of the Case, Exhibit 1, filed in the US Tax Court

## 7. Are there any other reasons why the district court's judgment or the agency's decision was wrong?

Answer:

    Kennedy knows from his graduate business school professors and

his independent research that IRS / defendant IRS Commissioner and

all its employees MUST comply with their code, 26 U.S. Code § 6065 -

Verification of returns.[10] IRS employees, defendants in this case did not

comply with 26 U.S. Code § 6065 - Verification of returns[11] but

repeatedly stole funds from Kennedy from January 2018 to present.[12]

<u>Notice and Objection</u>

Kennedy objects to the fact he was denied CM/ECF access in this matter.

## 8. What action do you want the Court of Appeals to take in this case?

Answer:

a.    Award Kennedy the damages he original requested of

$250,000.

b.    Over-rule the US Tax Court, a court of record, for it failed to

promote and protect Kennedy's rights. There is no true evidence to date

that the US Tax Court will protect or promote Kennedy's rights for the

IRS, its Commissioner and US Tax Court are weaponized against we

the people.[13]

c.    Order the IRS to return to Kennedy all the funds they stole,

nunc pro tunc, and to stop stealing from Kennedy.

---

[10] Except as otherwise provided by the <u>Secretary</u>, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.

[11] Except as otherwise provided by the <u>Secretary</u>, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.

[12] Probable prima facie evidence of criminal intent under Federal Rules of Evidence and the Law of the Case, Exhibit 1, attached.

[13] See the Lois Lerner case and testimony, link here: https://en.wikipedia.org/wiki/Lois_Lerner

     d.    Order IRS to correct their paperwork to show Kennedy owes

no debts nunc pro tunc.

/s/ Edward Thomas Kennedy (seal)

_____

Edward Thomas Kennedy


*Notice:*
*KENNEDY IS PROCEEDING PROCEEDING IN FORMA PAUPERIS,*
*AND FILED AN ORIGINAL AND THREE (3) COPIES OF THIS BRIEF*
*AND ATTACHMENTS WITH THE CLERK.* Thank you.

## **PROOF OF SERVICE**

I certify that I filed an original and three (3) copies of this Informal Brief and attachments Order of Dismissal for Lack of Jurisdiction (2 pages )and United States Tax Court Case Index, Docket No. 011586-18 (2 pages) with the Clerk of this Court of record at 601 Market Street, Philadelphia, PA 19106 on 10/1/2018. I also certify that 10/1/2018 I mailed a copy of the same Informal Brief and all said attachments via regular US mail to following party listed below:

> Kathleen E. Lyon
> US Department of Justice, Tax division, Appellate Section
> Post Office Box 502
> Washington DC 20044
> Fax: 202-514-8456
> Email: kathleen.e.lyons@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

/s/ Edward Thomas Kennedy (seal)
_____
Edward Thomas Kennedy
Plaintiff / Appellant

Dated: 10/1/2018

## UNITED STATES TAX COURT
### WASHINGTON, DC 20217
PA

| | |
|---|---|
| EDWARD THOMAS KENNEDY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Docket No. 11586-18. |
| | ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) |
| | ) |
| Respondent. | ) |

## <u>ORDER OF DISMISSAL FOR LACK OF JURISDICTION</u>

This case is before the Court on respondent's motion to dismiss for lack of jurisdiction, filed August 3, 2018, on the ground no notice of determination under I.R.C. section 6320 or 6330 or other notice of determination was issued to petitioner for taxable years 2001 through 2017 that would permit petitioner to invoke the Court's jurisdiction. On August 7, 2018, petitioner file an Objection to respondent's motion to dismiss. On August 7, 2018, petitioner further filed a motion for entry of decision. Petitioner essentially does not dispute the jurisdictional allegations in respondent's motion to dismiss.

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly provided by statute. I.R.C. sec. 7442; <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985), <u>Breman v. Commissioner</u>, 66 T.C. 61, 66 (1976). Where this Court's jurisdiction in a case is duly challenged, the jurisdiction must be affirmatively shown. <u>Romann v. Commissioner</u>, 111 T.C. 273, 280 (1998); <u>Wheeler's Peachtree Pharmacy, Inc. v. Commissioner</u>, 35 T.C. 177, 180 (1960).

Contrary to petitioner's argument, the Tax Court does not have unlimited jurisdiction as to all tax-related issues and matters. Petitioner here has failed to affirmatively establish that this Court has jurisdiction as to this case. <u>Romann</u>, 111 T.C. 280; <u>Wheeler's Peachtree Pharmacy, Inc.</u>, 35 T.C. 180.

Taking into account representations contained in the petition, petitioner's objection to respondent's motion to dismiss, petitioner's motion for entry of decision, and for the reasons set forth in respondent's motion to dismiss, it is,

ORDERED that petitioner's motion for entry of decision is denied. It is further

ORDERED that respondent's motion to dismiss is granted. It is further

**SERVED Aug 08 2018**

- 2 -

     ORDERED that with respect to each year placed in issue in the petition, this case is dismissed for lack of jurisdiction upon the ground stated in respondent's motion to dismiss.


**(Signed) Maurice B. Foley**
**Chief Judge**


ENTERED:    **AUG 08 2018**

Go to » My Cases, My Service, My Transactions, My Notifications, Case Entry, Party Search, Corporate Search
Go to » Update Info, Change User Name, Change Password, Change Security Image, Change Security
Questions, Additional Case
**HELP » Petitioners' Guide to Electronic Case Access and Filing, eAccess Support Form, Terms of Use**

---

**Petitioner:**    Edward Thomas Kennedy

---

# Case Index

eFile

**Docket No.:**  011586-18            **Caption:**  Edward Thomas Kennedy

|  **Petitioner Counsel**  |  **Respondent Counsel**  |
|---|---|
| Bar No: PRO SE | Bar No: JB0091  Brian S. Jones |
| No: 1 | No: 3 |
| | 701 Market Street |
| | Suite 2200 |
| | Mellon Independence Center |
| | Philadelphia, PA, 19106 |

---

 **View/Print Docket Sheet**

- See the Abbreviations List for definitions of certain abbreviations on the docket record
- See Parties for additional parties and attorneys in a case

Go to » Case Index, Miscellaneous Unfiled Documents, Service Parties, Parties, Participants, Respondent
Practitioners, eFiling

**Max. Results per Page:** 25 ▾

| Filed | Filings and Proceedings | Action/Status Date | Served | Document |
|---|---|---|---|---|
| 06/11/2018 | PETITION FILED by Petr. Edward Thomas Kennedy: FEE WAIVED | | R06/15/2018 | View 21 |
| 06/11/2018 | REQUEST FOR PLACE OF TRIAL AT PHILADELPHIA, PA by Petr. Edward Thomas Kennedy | | R06/15/2018 | View 1 |
| 06/11/2018 | APPLICATION FOR WAIVER OF FILING FEE by Petr. Edward Thomas Kennedy | GR  06/11/2018 | B06/15/2018 | View 2 |
| 06/15/2018 | NOTICE OF ATTACHMENTS IN THE NATURE OF EVIDENCE | | B06/15/2018 | View 1 |
| 06/18/2018 | LETTER by Petr. Edward Thomas Kennedy | | R06/22/2018 | View 3 |
| 08/03/2018 | MOTION TO DISMISS FOR LACK OF JURISDICTION by Resp. (C/S 08/03/18) | ORD08/08/2018 | C08/03/2018 | View 8 |
| 08/06/2018 | ORDER PETITIONER BY 8/27/18 SHALL FILE AN OBJECTION TO RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION. | | B08/07/2018 | View 1 |
| 08/07/2018 | OBJECTION TO MOTION TO DISMISS FOR LACK OF JURISDICTION by Petr. Edward Thomas Kennedy (C/S 08/07/18) | | R08/07/2018 | View 7 |
| 08/07/2018 | MOTION FOR ENTRY OF DECISION by Petr. Edward Thomas Kennedy (C/S 08/07/18) | ORD08/08/2018 | R08/07/2018 | View 6 |
| 08/08/2018 | ORDER OF DISMISSAL ENTERED, JUDGE FOLEY. | | B08/08/2018 | View 2 |

PETITIONER'S MOTION FOR ENTRY OF DECISION IS
DENIED. RESPONDENT'S MOTION TO DISMISS FOR
LACK OF JURISDICTION IS GRANTED IN THAT WITH
RESPECT TO EACH YEAR PLACED IN ISSUE IN THE
PETITION, THIS CASE IS DISMISSED FOR LACK OF
JURISDICTION UPON THE GROUND STATED IN
RESPONDENT'S MOTION TO DISMISS FOR LACK OF
JURISDICTION.

| | | | |
|---|---|---|---|
| 08/23/2018 | NOTICE OF APPEAL BY PETR(S). TO U.S.C.A. 3RD CIR. (COA #18-2895) | B08/24/2018 | View 3 |
| 08/24/2018 | NOTICE OF FILING W/ COPY OF NOT. OF APP. SENT TO THE PARTIES. | B08/24/2018 | View 1 |
| 09/05/2018 | RECORD ON APPEAL E-FILED CLERK, U.S.C.A. 3RD CIR. | | N/A |

**Generated by Blackstone ... The Judicial System**
**© 2018 All Rights Reserved, CMC Software**

To contact the Webmaster for technical issues or problems with the Web site, send an e-mail to
webmaster@ustaxcourt.gov. For your information, no documents can be filed with the Court at this or any
other e-mail address. For all non-technical questions, including procedural, case-related, or general questions
about the Court, you must contact the Office of the Clerk of the Court at (202) 521-0700 or by postal mail at
U.S. Tax Court, 400 Second Street, N.W., Washington, DC 20217, Attention: Office of the Clerk of the Court.

