ALD-078                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2895
_____

EDWARD T. KENNEDY,
                                Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On a Petition For Review of
an Order of the Tax Court
(United States Tax Court No. 18-11586)
U.S. Tax Court Chief Judge: Maurice B. Foley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2019

Before: MCKEE, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed January 28, 2019)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Edward T. Kennedy petitions for review of an order of the United States Tax Court dismissing his petition for lack of subject matter jurisdiction. For the reasons that follow, we will summarily deny the petition for review.

Kennedy filed a petition pro se in the United States Tax Court against the Commissioner of Internal Revenue, alleging "trespass" and other causes of action by high-ranking Government "Bandits" who had without jurisdiction "imprisoned" him financially. Kennedy alleged that said Bandits, under color of law and starting in 2001, took "ill-considered actions," charging him with debts and injuring him with liens. Kennedy sought money damages and the removal of all liens and claims of debt. His petition did not identify a tax year at issue nor did he seek review of an agency Notice of Determination. The Commissioner moved to dismiss the petition for lack of subject matter jurisdiction, because of the absence of a reviewable Notice of Determination. The Tax Court then gave Kennedy another opportunity to respond to the question of subject matter jurisdiction and, in his response, Kennedy contended without support that he could dispute a tax deficiency in Tax Court. The Tax Court, in an order filed and served on August 8, 2018, dismissed Kennedy's petition for lack of subject matter jurisdiction because no reviewable Notice of Determination had been issued to him by the Internal Revenue Service ("IRS") for any conceivable tax year at issue.

Kennedy petitions for review. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We exercise plenary review over the Tax Court's conclusions of law and review its factual findings for clear error. See PNC Bancorp, Inc. v. Commissioner of

Internal Revenue, 212 F.3d 822, 827 (3d Cir. 2000). Our Clerk granted Kennedy leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. Kennedy has submitted an Informal Brief, which we will construe as a document in support of the appeal.

We will summarily deny the petition for review because no substantial question is presented by it, Third Circuit LAR 27.4 and I.O.P. 10.6. The Tax Court may exercise jurisdiction only to the extent provided by statute. 26 U.S.C. § 7442. The Internal Revenue Code directs the Secretary of the Treasury -- acting through the IRS -- to determine, assess, and collect federal taxes. 26 U.S.C. §§ 6201(a), 6301. If the IRS finds that a person has unpaid taxes for a given year, it must notify him of the deficiency before it can collect the debt. Id. at §§ 6212(a). Once the IRS mails notice, the taxpayer may petition the Tax Court to redetermine the correct amount of the deficiency. Id. at §§ 6213(a), 6214(a), but if he does not seek a redetermination, then the deficiency "shall be assessed, and shall be paid upon notice and demand." Id. at § 6213(c).

The Commissioner of Internal Revenue is authorized to levy against property where a taxpayer fails to pay taxes after notice and demand for payment is made. Id. at § 6331(a). No levy may be made, however, unless the Commissioner has notified the taxpayer of his right to Collection Due Process hearing before an impartial IRS Appeals officer before such levy is made. Id. at § 6330(b); § 6320(b)(1) (requiring opportunity for fair hearing by Internal Revenue Service Office of Appeals). Section 6330(a) requires the Commissioner to send a written notice to the taxpayer of his right to the hearing, id. Once the taxpayer requests the hearing, the Appeals officer takes into consideration the

issues raised by the taxpayer, id. at § 6330(c)(2), and renders a Notice of Determination containing his or her findings and conclusions. 26 C.F.R. § 301.6330-1(e)(3). Section 6330(d)(1) then provides that the taxpayer, "within 30 days of a determination under this section, may petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)." 26 U.S.C. § 6330(d)(1).

In its motion to dismiss, the Commissioner argued that no Notice of Determination by an IRS Appeals officer was sent to Kennedy with respect to any taxable year between 2001 and 2017, suggesting that Kennedy had never requested a Collection Due Process hearing. The Government asserted that it pulled transcripts for taxable years 2001 through 2017, and found that Kennedy did in fact have balances owed for the taxable years 2006 and 2007; that liens were filed for taxable years 2006 and 2007; that liens were placed on Kennedy's assets due to the balances owed; and that, on April 12, 2011, the IRS issued a Notice of Lien Filing and right to Collection Due Process hearing as to taxable years 2006 and 2007. Kennedy, however, did not request a Collection Due Process hearing, and since no hearing was requested, no Notice of Determination was made by an Appeals Officer that might have conferred jurisdiction on the Tax Court for taxable years 2006 and 2007.

The Tax Court is a court of limited jurisdiction. See Sunoco v. Commissioner of Internal Revenue, 663 F.3d 181, 187 (3d Cir. 2011). In view of the Commissioner's argument and search of his records and Kennedy's failure to identify any reviewable Notice of Determination made by the Internal Revenue Service Office of Appeals, or even assert that he had requested a Collection Due Process hearing, it is apparent that Kennedy never filed a request for a Collection Due Process hearing and that the IRS

Appeals Office never issued a reviewable Notice of Determination. We uphold the Tax Court's conclusion that no Notice of Determination under 26 U.S.C. §§ 6320 or 6330 was ever issued to Kennedy for taxable years 2001 through 2017, and thus that subject matter jurisdiction over his petition was lacking.

For the foregoing reasons, we will summarily deny the petition for review.